UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

   v.

MACEO DOWNER,                               Case No. 08-CR-89 (LSA)
MICHAEL BENDER, a/k/a "Lil Mike,"
DAMIEN BROWN, a/k/a "Silk,"
DETTRICK BROWN, a/k/a "Nina Slim,"
JUSTIN LACEY BROWN,
KEVIN DEAN, a/k/a "Skeet,"
SIMONE DOWNER, a/k/a "Big Cheesy,"
CHARLES ELIM, a/k/a "Charlie,"
QASIM FUDGE, a/k/a "KC,"
HOSEA HINES, a/k/a "Jose,"
ANDRELL HOWARD, a/k/a "Puff,"
LEON HUGHES, a/k/a "Laylow,"
RUBIN LUNA,
LONNIE SMITH, a/k/a "Poppa,"
SEBASTIAN THOMAS, a/k/a "Shabazz,"
PRESTON WEAVER, a/k/a "Prep,"
ISAIAH SMITH, a/k/a "Ike,"
ANGELA WEAVER, a/k/a Angela Davis, and
ELLIOTT HOLMES, a/k/a "Pokie,"

                Defendants.

## **DECISION AND ORDER**

## **NATURE OF CASE**

On April 3, 2008, a federal grand jury sitting in this district returned a 19-count indictment against the defendants charging them with conspiracy to possess with intent to distribute and distribution of 50 grams or more of a mixture and substance containing cocaine base in the form of "crack" cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Two

defendants, Isaiah Smith and Charles Elim, are charged with substantive drug offenses. The defendants appeared before United States magistrate judges in this district for arraignment and entered pleas of not guilty. Pursuant to the pretrial scheduling order, defendants Maceo Downer, Dettrick Brown, Sebastian Thomas, Kevin Dean and Rubin Luna filed motions to compel disclosure of confidential informants. (Docket ## 198, 199, 201, 202, and 204, respectively). These motions will be addressed herein.

## **MOTIONS TO COMPEL DISCLOSURE OF CONFIDENTIAL INFORMANTS**

In seeking disclosure of the identities of confidential informants, defendants Downer, Thomas and Luna filed similar motions, asserting that, given the hundreds of pages of "debriefings" in the discovery materials, they need to know the identity of the informants to prepare a meaningful defense to the conspiracy charge. They further assert that they will be unable to properly prepare for trial unless they know the identity of all confidential informants who are transactional witnesses, whether or not the government intends to call them as witnesses in its case in chief. Because they are charged with conspiracy, but not a specific drug transaction, they each contend that "any person who witnessed [the defendant's] day-to-day behavior during the term of the alleged conspiracy is a transactional witness to whether [the defendant] was part of the conspiracy." (Defendant Downer's Motion to Compel Identification of Confidential Informants at 4); (Defendant Brown's Motion to Compel Identification of Confidential Informants at 4); (Defendant Thomas' Motion to Compel Identification of Confidential Informants at 4); (Defendant Luna's Motion to Compel Identification of Confidential Informants at 4).

Based on the discovery materials, defendant Brown seeks disclosure of certain cooperating witnesses, whom he identifies by number, as well as confidential informant # 11,

stating that the prosecution's evidence against him is directly derived from statements to law enforcement officials by these individuals. He seeks the identities of all confidential informants who are transactional witnesses, whether or not they will be called to testify at trial by the government.

Defendant Dean identifies by number ten cooperating witnesses that, based on the discovery, he believes are or could be transactional witnesses. He lists another cooperating witness, #20, who is identified in the affidavit in support of the search warrant for 4065a North 24th Place in Milwaukee, Wisconsin. Defendant Dean also seeks disclosure of the cooperating witness mentioned in paragraph 21 of the affidavit, who is not identified by any number. He maintains that he is entitled to disclosure of all transactional witnesses.

In response to the motions, the government requests that the motions be denied as moot. The government states that it has withheld the identities of most of the individuals who have provided information or cooperated during the investigation because of concern for their safety, although it has provided their statements and reports of their activities to the defendants. The government states: "To the extent the government intends to call any of these witnesses in its case in chief, the government will disclose the witnesses' identities 30 days prior to trial." (Government's Response to Defendants' Motions to Compel Disclosure of Confidential Informants at 3). The government maintains that this will give the defendants "adequate time to locate and interview these witnesses," while providing some measure of safety for the cooperating witnesses. Id.

## **Analysis**

It is well-established that the government has a limited privilege to withhold the identity of a confidential informant from disclosure. Roviaro v United States, 353 U.S. 53 (1957).

"The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id. at 59.

The law regarding the disclosure of the identity of a confidential informant was summarized in United States v. Andrus, 775 F.2d 825, 841-42 (7th Cir. 1985):

> In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957), the Supreme Court held that the government's refusal to provide the defendant with the name of a confidential informant who "had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged" infringed the defendant's right to due process of law. Id. at 55, 77 S.Ct. at 625. To determine whether the government is required to disclose the identity of the informant, the court must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 62, 77 S.Ct. at 629. This court has held that Roviaro implied that the defendant must establish a genuine need for disclosure before disclosure should be ordered. United States v. Tucker, 552 F.2d 202, 209 (7th Cir. 1977). When the informant is a mere "tipster", rather than a participant or an eye witness to the event in question, disclosure will not be required. United States v. Lewis, 671 F.2d 1025, 1027 (7th Cir. 1982).

See also, United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001); United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994). While a defendant can overcome the confidential informant privilege by demonstrating a need for the information, he bears this burden in the face of the assumption that the privilege should apply. Valles, 41 F.3d at 358; see also, Jefferson, 252 F.3d at 941 (To overcome the limited privilege, "a defendant must establish that the disclosure of the informant's identity is either 'relevant and helpful' to his defense or

- 4 -

'essential to a fair determination of a cause.'" [quoting Roviaro, 353 U.S. at 60-61]); United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993) (Defendant must establish that defendant "possesses a genuine need of informant disclosure that outweighs the public interest.").

In Jefferson, 252 F. 3d at 939, an application for a search warrant was obtained based in part on a statement from a confidential informant who had made three drug buys from a residence within a ten-day period just prior to the application. The informant had been at the scene five minutes before the execution of the warrant. The court noted that the charges against Jefferson were based on the defendant's statements and on evidence obtained during the execution of the search warrant, not on any activity that the confidential informant had witnessed. The court observed that the informant was not present when the search was conducted or statements made. The court concluded that the informant was a "mere 'tipster'" and that the informant's identity was not subject to disclosure. Id. at 942.

In United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993), the court compared the role of the informant to that of the informant in Roviaro where the government's limited privilege to withhold the identity of the informant "gave way." Id. The court noted that in Roviaro, the informant "'had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged.'" Id. (quoting Roviaro, 353 U.S. at 55). The court stated that in contrast to the informant in Roviaro, the informant was not a transactional witness, namely, the informant was not an active participant in the investigation leading to the arrest. Rather, the informant was a "tipster" who supplied information to the police which led to the acquisition of a search warrant and to the search of the residence at issue. The court further observed that the informant had

- 5 -

never dealt with the defendant and had no role in the search of the residence. The criminal activity the informant had witnessed did not constitute the charges against the defendants in that case.

In Valles, the informant introduced an undercover agent to the defendant and subsequently attended one other meeting between the parties but did not participate in further communications or in the drug transaction. In upholding the trial court's denial of the informant's identity, the appellate court stated that while the informant "was not strictly a 'tipster' in that he played a peripheral role in the transaction, neither was he a 'participant' whose conduct during the transaction was centrally relevant." 41 F.3d at 359; see Andrus, 775 F.2d at 842.

The government asserts that it will disclose witnesses who will testify at trial to the defendants 30 days prior to trial, but has not specifically responded to defendant Kean's assertions about particular confidential informants. The government does not distinguish between confidential informants who merely provided information, for example, and those informants who are transactional witnesses. If a confidential informant is a transactional witness, that informant must be disclosed whether or not the government will call that informant to testify in its case in chief. In Roviaro, 353 U.S. at 55, the transactional witness, "John Doe", did not testify at trial. Rather, his part in the charged transaction was described by government witnesses. Defendant's counsel, in cross-examining these government witnesses, repeatedly sought to learn the identity of John Doe. The trial court denied the request. The Supreme Court found that the circumstances of the case "demonstrate that John Doe's possible testimony was highly relevant and might have been helpful to his defense. Id.

at 64. The Court concluded that, under the circumstances, the government was obligated to disclose the identity of the confidential informant.

In this case, the government must disclose the identity of all transactional witnesses to the defendants – whether or not they will be testify in the government's case in chief – prior to trial. Furthermore, given the volume of discovery and the nature of the charges against the moving defendants, the court concludes that disclosure of the transactional witnesses' identities thirty (30) days prior to trial provides insufficient time for the defendants to attempt to contact these transactional witnesses and adequately prepare for trial in this case. Therefore, the government must disclose the identities of all transactional witnesses to the defendants 45 days prior to trial. As to other cooperating witnesses, the government has agreed to disclose those witnesses who will testify at trial 30 days prior to trial. Since the defendants have been provided reports and statements of these witnesses, disclosure of their identities thirty days before trial is sufficient for the defendants to prepare their defenses.

Accordingly, the defendants' motions for disclosure of the identities of the confidential informants will be granted in part and denied in part as moot as stated herein.

## **CONCLUSION**

**NOW, THEREFORE, IT IS ORDERED** that the motions of defendants Downer, Brown, Thomas, Dean and Luna to compel to disclosure of confidential informants be and hereby is **granted** with respect as to transactional witnesses whether or not the witnesses will testify at trial in the government's case in chief. The parts of the defendants' motions to compel with respect to other non-transactional confidential informants be and hereby are **denied as moot**. (Docket ## 198, 199. 201, 202, and 204).

- 7 -

**IT IS FURTHER ORDERED** that the government shall disclose the identities of all transactional witnesses 45 days prior to trial.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Criminal Procedure 59(a), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin this 17th day of October, 2008.

                                              BY THE COURT:

                                              s/ Patricia J. Gorence
                                              PATRICIA J. GORENCE
                                              United States Magistrate Judge