**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

    v.                                                      **Case No. 08-CR-89**

**MACEO DOWNER,**
    **Defendant.**

## ORDER

On January 22, 2010, I sentenced defendant Maceo Downer to 63 months in prison on his guilty plea to conspiracy to distribute 50 grams or more of crack cocaine. 21 U.S.C. §§ 841(b)(1)(A) & 846. This sentence represented a departure from the ten-year statutory mandatory minimum on the government's 18 U.S.C. § 3553(e) motion. Judgment was entered on January 26, 2010.

Defendant took no appeal, but on May 18, 2010 he filed a motion to correct the judgment, seeking a reduction in his sentence of 39 months and 21 days representing time he spent in state custody on a related case.[1] Specifically, defendant notes that in 2004 he was convicted in state court of a drug offense considered "relevant conduct" in this case; sentenced to 18 months in prison; released on October 4, 2005; revoked and re-confined for 21 months and 21 days on June 4, 2008; then released from that sentence on January 10, 2010. He notes that, pursuant to U.S.S.G. § 5G1.3(b),

> the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment [resulting from another offense that is relevant conduct to the instant offense of conviction] if the court determines

---

[1] Defendant also filed several pro se letters addressing this issue. (R. 638, 644, 659.)

that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

Defendant says that the Bureau has not credited him with the 39 months and 21 days total time he served on the 2004 state case.

The district court's authority to alter a sentence after its imposition is strictly limited, see Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000), and defendant provides no jurisdictional basis for me to modify his sentence now. Clerical errors in a judgment may be noticed and corrected at any time, see Fed. R. Crim. P. 36, but a review of the sentencing transcript reveals no error in translating the oral sentence to the judgment, and Rule 36 does not permit substantive changes, see, e.g., United States v. Daddino, 5 F.3d 262, 264-65 (7th Cir. 1993). In any event, defendant's request lacks merit. Defendant had completed both of the terms of imprisonment for which he seeks "credit" at the time he appeared before me for sentencing, and the district court cannot "adjust" a sentence under U.S.S.G. § 5G1.3(b) to account for time served on a discharged sentence. United States v. Cruz, 595 F.3d 744, 746-47 (7th Cir. 2010); see also United States v. Strand, 336 Fed. Appx. 99, 101 (2d Cir. 2009); United States v. Ramirez, 252 F.3d 516, 519 (1st Cir. 2001) (collecting cases).[2]

**THEREFORE, IT IS ORDERED** that the motion (R. 660) is **DISMISSED**. In the alternative, it is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2] Further, § 5G1.3(c) rather than § 5G1.3(b) applies to sentences after revocation. U.S.S.G. § 5G1.3 cmt. n.3(C). "Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." U.S.S.G. § 5G1.3 cmt. n.3(E).