# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
                Plaintiff,

    v.                                Case No. 08-CR-89

MACEO DOWNER,
                Defendant.

## DECISION AND ORDER

Defendant Maceo Downer moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, I deny the motion.

## I.

On May 28, 2009, defendant pleaded guilty to conspiracy to distribute 50 grams or more of crack cocaine, an offense then carrying a statutory mandatory minimum of 10 years in prison. Defendant's pre-sentence report ("PSR") calculated a drug weight of 500 grams to 1.5 kilograms of crack, producing a base offense level of 34. U.S.S.G. § 2D1.1(c)(3) (2009). Subtracting 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, the PSR set a final offense level of 31. The PSR then calculated a criminal history category of II, producing an imprisonment range of 121-151 months.

At defendant's January 22, 2010, sentencing hearing, I adopted the guideline calculations in the PSR. The government moved for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and I granted the motion, finding that defendant's substantial assistance warranted a 4 level departure. On consideration of the factors in 18 U.S.C. § 3553(a), including the crack/powder cocaine disparity in the guidelines and defendant's

relatively low level dealing, I elected to take the departure from offense level 29, which produced a range of 97-121 months, consistent with the statutory minimum. See United States v. Beamon, 373 F. Supp. 2d 878, 887 (E.D. Wis. 2005) (citing United States v. Hayes, 5 F.3d 292, 295 (7th Cir. 1993)); see also United States v. Coyle, 506 F.3d 680, 683 (8th Cir. 2007). Departing 4 levels from level 29 produced a guideline range of 63-78 months, and I found a sentence of 63 months sufficient but not greater than necessary to satisfy the purposes of sentencing.

On February 21, 2013, defendant filed the instant motion under 18 U.S.C. § 3582(c)(2). I directed the government to respond, and it has done so. Federal Defender Services, previously appointed to represent defendants who might be eligible for sentence reductions in crack cocaine cases under § 3582(c)(2), reviewed the case but declined to file anything on defendant's behalf.

## II.

"Section 3582(c)(2) provides a district court with discretion to reduce an imposed term of imprisonment when a defendant was sentenced based on a guideline sentencing range that was later lowered by the Sentencing Commission with a policy statement giving retroactive effect to the reduction." United States v. Purnell, 701 F.3d 1186, 1189-90 (7th Cir. 2012). Defendant relies on Amendment 750, adopted by the Sentencing Commission in response to the Fair Sentencing Act ("FSA") of 2010 and made retroactive effective November 1, 2011. See U.S.S.G. § 1B1.10(c). Amendment 750 lowers offense levels in crack cocaine cases consistent with the new 18:1 ratio set forth in the FSA. See United States v. Wren, 706 F.3d 861, 861-62 (7th Cir. 2013).

It is unclear whether Amendment 750 lowers defendant's range in this case. Under the

2

current crack guideline, 500 grams produces a base offense level of 32, U.S.S.G. § 2D1.1(c)(4) (2012) (covering 280 grams to 840 grams), and 1.5 kilograms produces a base offense level of 34, U.S.S.G. § 2D1.1(c)(3) (2012) (covering 840 grams to 2.8 kilograms). The government does not ask that I now make a finding as to which of these levels applies, see United States v. Davis, 682 F.3d 596, 612 (7th Cir. 2012) ("Nothing prevents a district court from making new findings of fact when ruling on a § 3582(c)(2) motion, so long as those findings are not inconsistent with those made at the original sentencing."), so I will give defendant the benefit of the doubt that his base offense level under the current guideline drops from 34 to 32. Subtracting 3 levels for acceptance of responsibility, the new range would be 97-121 months.

The district court cannot under 18 U.S.C. § 3582(c)(2) reduce the sentence below the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). Nor can the court grant a reduction if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of a statutory mandatory minimum term of imprisonment. U.S.S.G. § 1B1.10 cmt. n.1(A). However, the Sentencing Commission allowed an exception for substantial assistance cases: if the original sentence was below the guideline range pursuant to a government motion, a reduction "comparably less" than the amended guideline range may be granted under § 3582(c)(2). U.S.S.G. § 1B1.10(b)(2)(B); see also U.S.S.G. § 1B1.10 cmt. n.3. The Seventh Circuit has further held that the district court may, pursuant to this exception, grant a reduction below a statutory minimum. Wren, 706 F.3d at 864. Thus, in the present case, defendant may receive a reduction 4 levels below the amended guideline range (and a sentence below the otherwise applicable 10 year minimum, see United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2010) (holding that the FSA does not apply to defendants sentenced before its enactment in August 2010)).

3

The problem for defendant is that a comparable reduction from the amended range produces the same sentence – 63 months. In exercising my discretion under 18 U.S.C. § 3553(a), I elected to take the departure from level 29, the same level applicable under the amended guideline. In his motion, defendant requests a 6 month reduction, but he does not explain the basis for that request under the guidelines.

In an amendment to his motion (R. 754), defendant cites Wren, but that case is inapposite. In Wren, the Seventh Circuit held that if the original guideline calculation did not involve the use of U.S.S.G. § 5G1.1 to set the range at the statutory minimum (i.e., where the otherwise applicable range was below the statutory floor),[1] a district court considering a § 3582(c)(2) motion should not reset the new range to equal the statutory minimum. 706 F.3d at 864. And, as noted above, Wren holds that in a case in which the government previously filed a substantial assistance motion, the court may impose a sentence below the statutory floor after a change in the guideline range. Id. But Wren does not help defendant here. His motion fails, not because of the mandatory minimum, but because Amendment 750 does not, even after a comparable substantial assistance reduction, produce a lower sentence.

Finally, even if U.S.S.G. § 1B1.10(b) allowed a further reduction, I would decline to grant one in the exercise of discretion. See Purnell, 701 F.3d at 1190 (explaining that the district court may, but is not required, to lower the sentence of an eligible defendant); see also U.S.S.G. § 1B1.10 cmt. n.1(B) (directing the court to consider the § 3553(a) factors, public safety considerations, and the defendant's post-sentencing conduct). Defendant, a long-time

---

[1]Under U.S.S.G. § 5G1.1(b), "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

4

gang member, sold crack cocaine on the north-side of Milwaukee, and supplied cocaine to other gang members, who re-sold it in the area. He listened to a police scanner to warn others of police presence. He also compiled a substantial prior record of drug-related offenses: possession in 1993; possession with intent to distribute in 1994; and possession with intent to distribute again in 2004. He served 18 months in prison on the 2004 case, was released in 2005, then continued dealing drugs as charged in the present case. Given the nature of the instant offense and defendant's prior record, the 63 month sentence imposed is necessary to promote respect for the law, protect the public from further crimes of the defendant, and deter defendant from further drug-related activity given his prompt return to dealing after his previous, shorter prison sentence. Defendant attaches to his motion documents related to his prison programming, and I commend him for making good use of his time. Nevertheless, the sentence originally imposed remains the appropriate one, considering public safety and the pertinent § 3553(a) factors. This sentence is also consistent with the 18:1 crack/powder ratio adopted by the Commission in Amendment 750. No further reduction is warranted in this case to account for the disparity under the pre-FSA guidelines.

### III.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 752) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5